In re the Marriage of Aloma KOOP, petitioner, Respondent,

v.

Myles KOOP, Appellant.

No. C3–85–1145.

Court of Appeals of Minnesota.

Dec. 17, 1985.

Mary Kay Klein, Smith, Carpenter, Benshoof & Klein, Bemidji, for respondent.

Timothy R. Faver, Keyes & Faver, Bemidji, for appellant.

Heard, considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

This appeal is from a judgment awarding full legal and physical custody of the par-

ties' minor children to respondent Aloma Koop. The trial court also denied appellant Myles Koop any visitation with the children. We affirm.

## FACTS

The parties were married on October 14, 1967. They have two sons, born August 13, 1968, and October 8, 1973. The parties' marriage was dissolved on January 26, 1982.

The trial court granted respondent custody of the children and granted appellant visitation. Thereafter, appellant moved for an order amending the dissolution judgment. An amended judgment and decree was entered on July 26, 1982, granting the parties joint custody of the children but leaving physical custody with respondent.

Despite the fact that respondent had physical custody under the amended judgment, the children resided with appellant beginning in June 1982. After the children had resided with appellant for just over one year, he moved for an order changing custody of the children. The court found that a modification was necessary to serve the best interests of the children and that the children had been integrated into appellant's home. The November 1983 order retained joint legal custody in both parents but granted appellant physical custody of the children.

On December 28, 1983, appellant crashed his pickup truck into a car in which respondent and two friends were driving. Appellant then assaulted respondent by beating her with a tire iron, causing severe injury. He also assaulted the other passengers of the car when they tried to intervene.

Appellant was charged with attempted murder and aggravated assault on December 28. From that time until the hearing in June 1984, appellant was held in the Pennington County jail. The children stayed on at the Koop family farm and were cared for by appellant's sister, brother-in-law, and parents.

After a hearing on June 4, 1984, respondent was granted temporary custody of both children. On September 24, 1984, appellant was convicted of attempted second-degree murder, two counts of second-degree assault, and one count of third-degree assault. He was subsequently sentenced to serve 81 months in Stillwater Prison.

On October 25, 1984, the trial court reconvened the hearing on respondent's custody modification motion to take additional evidence. The trial court took judicial notice of appellant's conviction. The trial court heard testimony that respondent had signed a voluntary foster placement with Pennington County Social Services placing the oldest son at the Chervestad Foster Home in Oklee, Minnesota. This son does not get along with his mother and testified that he would rather live with his grandparents.

The trial court found that respondent had moved to Hatton, North Dakota, where she is employed as a nurse and has rented a house in which she is capable of caring for the parties' minor children. The trial court's amended judgment granted respondent permanent legal and physical custody of the children. Respondent was granted permission to move the children to North Dakota and was granted authority to work out arrangements for the physical custody of the oldest son with the social services agency.

## ISSUES

1. Did the trial court err in hearing respondent's motion for a change of custody?

2. Were the trial court's findings supporting a change of custody clearly erroneous?

3. Did the trial court err in denying appellant's motion for visitation with his minor children?

## DISCUSSION

### I

Generally, the party requesting modification of a child custody order has the burden of proving a significant change

of circumstances. *Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471, 472 (Minn.1981). Minn.Stat. § 518.18(d) (1984) directs:

> [T]he court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:
>
> \*   \*   \*   \*   \*   \*
>
> (iii) The child's present environment endangers his physical or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

*Id.* A trial court must make specific findings that (1) a change has occurred in the circumstances of the child or custodian, and (2) the modification of custody is necessary to serve the best interests of the child. *Young v. Young*, 370 N.W.2d 57, 63 (Minn. Ct.App.1985), *pet. for rev. denied*, (Sept. 13, 1985) (citing *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn.1983)). If the affidavits accompanying the motion for modification do not allege sufficient facts to allow a court to reach the findings required by § 518.18, the trial court is required to deny the motion. *Nice-Peterson*, 310 N.W.2d at 472 (citing Minn.Stat. § 518.-185).

■ Appellant contends that the facts alleged in respondent's affidavit fail to meet the standards established by Minn. Stat. § 518.18. Examination of these facts reveals that the trial court had a substantial basis for granting a hearing on respondent's motion. The affidavit alleges that (1) appellant brutally attacked her with a tire iron, causing severe injury, (2) appellant was in jail awaiting trial on charges resulting from the assault, and (3) the children were staying with appellant's father, who denied respondent visitation. Certain-

ly, the trial court was justified in relying on appellant's violent attack and his incarceration in jail as a reason to believe that a hearing on respondent's custody motion was warranted.

## II

The trial court has broad discretion in determining child custody and will not be reversed absent a clear showing of an abuse of that discretion. *Peterson v. Peterson*, 308 Minn. 365, 242 N.W.2d 103 (1976). In its amended findings of fact the trial court made the specific findings required by Minn.Stat. § 518.18. The court found that appellant had been convicted of attempted second-degree murder and third-degree assault as a result of his attack on the mother of the children whose custody is in question. The court also found that appellant was sentenced to 81 months in Stillwater Prison.

The trial court specifically found:

> That the character of the respondent/father presents an environment which endangers the physical emotional health and impairs the emotional development of the parties' minor children; and the change of their environment from respondent/father to petitioner/mother is outweighed by the advantage and change to the children.

■ Given the brutal nature of appellant's assault on his former wife and the narrow scope of our review, the trial court's findings do not appear to be clearly erroneous.

## III

■ At the final hearing on respondent's custody modification motion, appellant's counsel requested visitation rights for his client. Because appellant's counsel made the motion for visitation, his allegation on appeal that the issue was not properly before the trial court is not persuasive.

Minn.Stat. § 518.175, subd. 5 (1984), states:

> The court may modify an order granting or denying visitation rights whenever

modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation is likely to endanger the child's physical or emotional health or impair his emotional development.

*Id.*

The trial court's finding that appellant's character threatens the emotional health of his children meets this statutory requirement. We note, however, that the oldest son has expressed a desire to visit his father in prison. Appellant is free to make another motion for visitation at any time. Minn.Stat. § 518.175, subd. 1 (1984). If such a motion is made, the trial court can take more extensive testimony to determine the advisability of the children visiting their father in prison. The desire of a 17-year-old son to visit his imprisoned father should be given due consideration.

### DECISION

The trial court did not err in awarding full legal and physical custody of the parties' children to respondent. The trial court did not err in denying appellant's motion for visitation.

Affirmed.