**In re the Marriage of Richard E. BAUM, Petitioner, Respondent,**

v.

**Barbara J. BAUM, Appellant.**

**No. C9-90-2248.**

Court of Appeals of Minnesota.

Feb. 12, 1991.

Review Denied April 18, 1991.

Raymond C. Ploetz, Minneapolis, for appellant.

James J. Agan, Burnsville, for respondent.

Considered and decided by CRIPPEN, P.J., and PETERSON and MULALLY, JJ.*

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

## OPINION

CRIPPEN, Judge.

The trial court denied appellant's motion for a change of custody and also denied appellant's request that the trial court conduct a custody study to investigate appellant's accusations that the children were abused and neglected by respondent and his wife and that respondent denied appellant visitation with the children. Appellant asks that the case be remanded to the trial court for a custody study.

## FACTS

The parties were divorced in March 1981. Custody of their two children was awarded to appellant Barbara Baum. In September 1982, the dissolution decree was modified to place custody with their father, respondent Richard Baum.

In August 1990, appellant moved the trial court to modify the custody decree to place custody with her. Appellant alleged one incident of abuse and one incident of neglect. Appellant claimed that in June 1988, while pulling the youngest child from the family swimming pool, respondent's wife left bruises and fingernail marks on the child's arm. Appellant also alleged that in February 1990, respondent and his wife refused to allow the same child to see a doctor after she injured her arm at school. Appellant took the child to a doctor who prescribed ice packs, and two days use of a splint. Appellant claims the children have told her of other incidents of abuse, but appellant elected not to give any details about these alleged incidents.

The swimming pool incident was investigated by a Dakota County child protection officer who found no basis for an abuse violation. As for the injury the child sustained at school, respondent stated he would have taken her to the doctor when he returned home, but appellant was to arrive for visitation before he returned.

Appellant also claims that respondent interfered with her visitation rights by deny-

pursuant to Minn. Const. art. VI, § 2.

ing her visitation on approximately six of the ten scheduled visitation dates in early 1990. In June 1990, the parties met with a Dakota County family resolution unit employee to work out a new visitation schedule. Appellant cited no visitation problems since that meeting.

The trial court denied appellant's motion for a change of custody and refused to grant appellant's request for a custody study.

## ISSUE

Did the trial court abuse its discretion by refusing to order a custody study to investigate appellant's allegations of abuse?

## ANALYSIS

■ Appellate review of custody determinations is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985).

Appellant does not contend she established facts entitling her to an evidentiary hearing on her modification motion. *See Nice–Peterson v. Nice–Peterson*, 310 N.W.2d 471, 472 (Minn.1981). Instead, she argues her disclosures of fact are of a kind and weight making it the duty of the trial court to seek further evidence through a custody study. This court has recognized that under special circumstances the trial court has an obligation to investigate accusations that a child has been abused by the custodial parent. *See Lucas v. Lucas*, 389 N.W.2d 744, 747 (Minn.App.1986) (trial court must investigate unrebutted evidence that removal of children from state would be harmful to them); *Murray v. Antell*, 361 N.W.2d 466, 470 (Minn.App.1985) (trial court must investigate unrebutted evidence of physical abuse).

■ As appellant argues, if evidence is presented that raises the suspicion abuse is occurring, the trial court must investigate to determine if the allegations of abuse are true. However, in this case there is simply not enough evidence to require an investigation. Appellant's single specific allegation of abuse was investigated and found to be without basis. The trial court's finding that the incident involving the child's injury at school did not constitute neglect is supported by respondent's rebuttal that he would have taken the child to the doctor when he returned home. As for the denial of visitation, appellant has cited no incidents of denial of visitation since the parties worked out a new visitation schedule.

■ Appellant alternatively argues that this court should order the trial court to appoint a guardian ad litem for the children under Minn.Stat. § 518.165 (1990). A trial court is required to appoint a guardian ad litem if it "has reason to believe that the minor child is a victim of domestic child abuse or neglect." Minn.Stat § 518.165, subd. 2 (1990). Because appellant presented insufficient evidence of abuse or neglect, the mandatory appointment provision does not apply.

## DECISION

The trial court did not abuse its discretion by refusing to order a custody study.

Affirmed.