**In re the Marriage of Pamela NICE–PE-TERSEN, Petitioner, Respondent,**

**v.**

**Perry W. NICE–PETERSEN, Appellant.**

**No. 51795.**

Supreme Court of Minnesota.

Sept. 25, 1981.

Jack S. Jaycox, Edina, for appellant.

Lauhead & Morrow, Minneapolis, for petitioner, respondent.

YETKA, Justice.

Perry W. Nice-Petersen seeks review of an order of the Hennepin County District Court denying his motion for a modification of an original award of child custody made incident to the judgment and decree of marital dissolution of the parties on April 4, 1979. His primary assignment of error is that the trial court, failed to schedule an evidentiary hearing to consider the competing positions of the parties. We affirm.

By the terms of the judgment and decree of marital dissolution, the custody of the parties' 3-year-old daughter Nicole was granted to the respondent Pamela Nice-Petersen. The appellant's visitation rights were to be supervised by the Department of Court Services. Although the parties entered into a stipulation governing visitation which was approved by the court, disputes arose thereafter relating to the visitation schedule. On July 7, 1980, the appellant filed a motion with the court for an order granting the parties joint custody of their child. The motion stated that it was "made upon the attached affidavits, upon all the files, records and proceedings herein, and upon the statutes of the State of Minnesota." A hearing was conducted in the district court to consider the parties' motions and the guardian ad litem's motion for an order adopting her recommendation that there be no change in custody. The appellant objected to the inclusion in the record of the guardian's report and respondent's attempt to introduce reports prepared by a psychiatrist and an employee of the Department of Court Services. Appellant therefore moved the court for an evidentiary hearing to allow his cross-examination of the authors of the reports. The order denying the evidentiary hearing and refusing to modify the original custody award is the subject of this appeal.

The focal question on appeal is whether the trial court erred in denying the appellant's motion to modify the child custody award without providing him an evidentiary hearing.

Minn.Stat. § 518.185 (1980) requires a party seeking a modification of a custody order to submit together with his moving papers an affidavit setting forth facts in support of the modification and further directs that notice be provided to all other parties to the proceedings to facilitate their filing of opposing affidavits. This section does not specifically authorize the trial court to make findings based upon the affidavits. It is our view that a reasonable construction of the statute would be to require the trial court to deny a motion for modification of a custody order unless the accompanying affidavits set forth sufficient justification, if the facts alleged therein are true, for the modification. This interpretation is wholly consistent with section 410 of the Uniform Marriage and Divorce Act, from which section 518.185 was largely taken.

As a practical matter, the burden is upon the movant to establish satisfactorily on a preliminary basis that there has occurred a significant change of circumstances from the time when the original or amended custody order was issued. *Peterson v. Peterson*, 308 Minn. 297, 308, 242 N.W.2d 88, 95 (1976). Moreover, the significant change of circumstances must endanger the child's physical or emotional health or the child's development. *See* Minn.Stat. § 518.18(d)(iii) (1980).

A review of the several affidavits accompanying the appellant's motion indicates that they do not set forth any change in circumstances sufficient to justify a modification of the custody award. Therefore, the trial court did not abuse its discretion in denying the motion on affidavits and in refusing to schedule an evidentiary hearing. As our resolution of this question is dispositive of the appeal, we do not address the other issues raised by the appellant.

Affirmed.