STATE of Minnesota on Behalf of Sandra Mae GUNDERSON, Appellant,

v.

David Charles PREUSS, Respondent.

No. C8–82–1479.

Supreme Court of Minnesota.

July 22, 1983.

Dorn, Berglund & Varco and Wilbur F. Dorn, Jr., Anoka, for appellant.

Brian R. Salita, Minneapolis, for respondent.

SIMONETT, Justice.

Because the trial court's findings in support of its decision to transfer custody of a child from the mother to the father do not comply with the requirements of Minn.Stat. § 518.18 (1982), we reverse and remand for further proceedings.

Krystal Elizabeth Preuss was born on May 22, 1979, and on the following December 6, pursuant to a stipulation between the child's mother, Sandra Gunderson, and defendant-respondent David Preuss, judgment was entered in the County Court for Anoka County determining David Preuss to be Krystal's father and awarding custody of the child to the mother. The parents, who had been living together for about 5 years before Krystal's birth, continued to live together. Krystal lived with them. In September 1980, the parents separated, and Krystal stayed with her mother.

In August 1981, David Preuss moved the court to transfer Krystal's custody to him. The trial court ordered the Anoka County Department of Court Services to make a custody evaluation. This resulted in a re-

port filed by the social worker recommending that the child's custody be awarded to the father, defendant Preuss. Following a court hearing at which the parties presented other evidence, the trial court issued its order on September 27, 1982, finding that it was "in the best interest and welfare of the minor child" to vest her permanent custody with defendant Preuss. The court further ordered that the judgment entered on December 6, 1979, be amended to transfer custody of Krystal from the plaintiff mother to the defendant father. Subsequently, on October 25, 1982, the trial court denied plaintiff's motion for a new trial but amended its order by adding a finding that plaintiff had "demonstrated an inability to care for or appreciate the needs of her minor child," citing numerous instances of leaving the child alone or in the care of her other young child, of failing to toilet train Krystal, and of failing to meet adequately the child's needs for cleanliness, proper clothing and intellectual and emotional development.

Section 518.18 governs modification of custody orders. Plaintiff-appellant Gunderson claims that the trial court's findings do not meet the requirements of the statute for a custody modification. Plaintiff argues that the trial court instead applied the standards of Minn.Stat. § 518.17, subd. 3 (1982), which govern an initial custody determination and which have a different focus. We agree.

In an initial custody proceeding, such as at dissolution or separation, section 518.17, subd. 3, provides, "In determining custody, the court shall consider the best interests of the child and shall not prefer one parent over the other solely on the basis of the sex of the parent." The phrase "the best interests of the child" is defined in subdivision 1 of the section and includes nine enumerated factors ranging from the wishes of the parents to the mental and physical health of the persons involved and to the child's cultural background.

Section 518.18, however, specifically governs modification of a custody order and, if there is to be a change, clearly requires

more than a finding that the transfer of custody is in the best interests of the child. Section 518.18(d) provides in part:

(d) If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

\* \* \* \* \* \*

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

▆▆▆ Thus, for a custody modification, the court must first make a two-fold finding: (1) that a change has occurred in the circumstances of the child or his custodian, and (2) that the modification of custody is necessary to serve the best interests of the child. Here the trial court did not make the first of these two findings.

But even if both of these findings had been made, the statute provides that in applying these standards "the court shall retain the custodian established by the prior order" unless, as set out in subparagraph (iii), the child's present environment "endangers his physical or emotional health or impairs his emotional development" *and* that "the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." The trial court's decision did not address these factors.

▆▆▆ We are not persuaded by defendant-respondent's argument that somehow the requirements of section 518.18(d) add nothing to the basic "best interests of the child" standard of section 518.17. It seems to us the explicit language that a custody change is not to be made unless certain specific factors are considered is indicative of a legislative intent to impart a measure of stability to custody determinations in most circumstances. See Auge v. Auge, 334 N.W.2d 393 (Minn.1983) (*quoting from D'Onofrio v. D'Onofrio*, 144 N.J.Super. 200, 205, 365 A.2d 27, 29 (1976), that after a divorce or separation the children belong to a different family unit consisting of the children and the custodial parent). Because of this explicit statutory directive, we believe the statute should be construed to require findings on the effect of the child's present environment on his physical and emotional well-being and a weighing of the harm the child would suffer from a change of environment against the advantage to be derived from the change. Specific findings on these matters will insure compliance with section 518.18 and will also aid appellate review. See Peterson v. Peterson, 308 Minn. 297, 307, 242 N.W.2d 88, 94 (1976).[1]

We hold, therefore, that, in the absence of the findings of fact required by section 518.18, the judgment transferring custody of the parties' child from the plaintiff mother to the defendant father cannot be sustained. The judgment is reversed and the case is remanded to the trial court for further proceedings on the question of who should have custody. It would appear further evidence might be taken to supplement the current record. Cf. Minn.R.Civ.P. 59.01. For example, the custody evaluation study that was made focused only on the factors enumerated in section 518.17, subd. 1. The trial court may wish to have that study updated and extended to inquire into the additional factors set out in section 518.18.

Reversed and remanded.

1. Defendant-respondent also argues that the trial court's referral for a custody evaluation is an implicit finding of a change of circumstances. We disagree. The referral was no more than a preliminary determination that the affidavit supporting defendant's motion for custody modification contained allegations which, *if true,* set forth justification for the requested transfer. See Nice-Petersen v. Nice-Petersen, 310 N.W.2d 471, 472 (Minn.1981).