**In re the Marriage of Gary A. EN-GLUND, Petitioner, Appellant**

v.

**Mary Jo ENGLUND a/k/a Mary Jo Diemert, Respondent.**

No. CO-84-413.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Lawrence D. Olson, St. Paul, for appellant.

John E. Olmon, Babcock, Locher, Neilson & Mannella, Anoka, for respondent.

Considered and decided by WOZNIAK, P.J., and SEDGWICK and LESLIE, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from orders denying child support and custody modifications. We affirm.

## FACTS

The marriage of the parties was dissolved in April 1979, by the Washington County Court. Appellant Gary Englund was awarded custody of the two minor children, subject to reasonable visitation, and ordered to be responsible for their support. The two children, Todd and Timothy, are currently ages 17 and 16.

In November 1983, respondent Mary Jo Diemert moved to modify the decree by establishing a visitation schedule. Gary opposed the motion and moved to modify the decree by requiring Mary Jo to pay a reasonable amount of child support. How-

ever, the central issue soon became child custody. Mary Jo claims that the minor child Timothy indicated to both parties that he wished to reside permanently with her, and that the parties agreed on this change. On November 5, 1983, Mary Jo brought Timothy to her home, where he resided until late December 1983. During this time, Mary Jo enrolled Timothy in a different school district. Gary claims that there was no agreement as to a change in custody, but that he did agree to an extended visitation in order to help resolve the visitation issue. He further claims that the change in schools was made without his knowledge. In light of the child custody issue, the trial court ordered that the visitation issue be decided along with the custody issue at a later date.

In February 1984, Mary Jo moved to modify the decree to grant her custody of Timothy. The trial court denied the custody motion, as well as Gary's prior support motion. Gary appeals the child support issue, while Mary Jo raises the child custody issue.

## ISSUES

1. Did the trial court abuse its discretion by not modifying child custody or ordering an evidentiary hearing on the matter?

2. Where the initial decree provides that the custodial parent is to be solely responsible for child support, can the support provision be modified without showing a substantial change in circumstances?

## ANALYSIS

1. Custody

The party requesting modification of a child custody order has the burden of proving on a preliminary basis that a significant change in circumstances has occurred. *Nice-Peterson v. Nice-Peterson,* 310 N.W.2d 471, 472 (Minn.1981); *In Re Marriage of Gottenborg,* 343 N.W.2d 674, 675 (Minn.Ct.App.1984). The purpose is to impart finality and stability into child custody determinations. *State ex rel. Gun-*

*derson v. Preuss,* 336 N.W.2d 546, 548 (Minn.1983); *Gottenborg,* 343 N.W.2d at 675. The trial court has broad discretion in determining child custody, and will not be reversed absent a clear showing of an abuse of that discretion. *Peterson v. Peterson,* 308 Minn. 365, 242 N.W.2d 103 (1976).

Minn.Stat. § 518.18 (1982) is applicable in child custody actions. *Preuss,* 336 N.W.2d at 547; *Gottenborg,* 343 N.W.2d at 676. Section 518.18(d) provides that a court shall not modify a prior custody order unless it finds that (1) a change in circumstances has occurred, and (2) a modification is necessary to serve the child's best interests. The court must then further find that one of the following conditions exists: (1) the custodian has agreed to the modification; (2) the child has been integrated into the family of the movant with the consent of the custodian; or (3) the child's present environment endangers his physical or emotional health or impairs his emotional development, and the advantages of a change outweigh the likely harm of a change. If the affidavits accompanying the motion for modification do not allege sufficient facts to allow a court to reach the findings required by § 518.18, the trial court is required to deny the motion. *Nice-Peterson,* 310 N.W.2d at 472. There is no requirement that an evidentiary hearing be held where the affidavits do not contain sufficient justification for the modification.

Mary Jo contends that the following factors meet the threshold required by § 518.18: (1) the express preference of Timothy for a change of custody; (2) Gary's voluntary relinquishment of custody for a period of almost two months; (3) the oral agreement reached by the parties concerning custody; and (4) ongoing difficulties in exercising visitation. Gary disputes the existence of all of the above factors.

The trial court found no evidence that a change in circumstances had occurred or that modification was necessary to serve the best interests of the child. Further,

the trial court found no evidence that Gary had consented to the integration of Timothy into Mary Jo's household.

The trial court did not abuse its discretion in denying the motion for modification of custody. None of Mary Jo's alleged factors directly addresses either the change of circumstances or best interests requirement. The residence of Timothy with Mary Jo for two months is not sufficient to establish an "integration period." Finally, Mary Jo presented no evidence that Gary consented to such integration as part of a change in custody.

2. Child Support

 The child support provision of a decree may be modified:

> upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party ..., any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64(2) (Supp.1983).

Paragraph 7 of the original decree states "[t]hat Petitioner is responsible for the support of the minor children of the parties." The plain meaning of this provision is to specifically set child support. In spite of this provision, Gary claims that no child support was awarded in the original decree and that the court essentially reserved jurisdiction over the matter. His conclusion is that § 518.64 requiring a change of circumstances is, therefore, not applicable, and that the trial court should now set child support as if the matter were being initially heard.

This contention is without merit. Under Minn.Stat. § 518.17(4) (1982), the court is directed to consider the financial resources and needs of both the custodial and noncustodial parent in awarding child support. In the initial decree, the trial court made specific findings of fact that Mary Jo is able to provide for her own maintenance, and that Gary is able to provide for his own mainte-nance and the support of the minor children of the parties. If Gary felt that the initial court erred in its determination that he alone provide support, his recourse was an appeal from that judgment. He will not now be heard to complain that the award was improper, absent a showing of changed circumstances.

## DECISION

The trial court did not abuse its discretion in denying the motion for a custody modification.

▮ Even where the custodial parent is solely responsible for child support, the support provision cannot be modified without a substantial change in circumstances.

**Affirmed.**