**In re the Marriage of David F. BROWN, Petitioner, Respondent,**

v.

**Susan B. BROWN, n.k.a. Susan B. Miller, Appellant.**

**No. C4–84–1855.**

Court of Appeals of Minnesota.

Feb. 12, 1985.

Martin L. Swaden, Meshbesher, Singer & Spence, Ltd., Minneapolis, for respondent.

Kathleen M. Picotte-Newman, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

### SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Susan Brown and respondent David Brown were married on April 10,

1970. The parties' son, Justin Brown, was born on December 16, 1972. The parties' marriage was dissolved per stipulation on May 26, 1982 with an amended judgment and decree entered on October 22, 1982.

The parties were granted joint legal custody with primary physical custody given to David. David agreed to assume sole financial responsibility for Justin, including life insurance and medical costs. David also agreed to establish a $30,000 trust fund for Justin and to make Justin his heir for the greater of 50 percent of his estate or $75,000. Since the dissolution, Justin has continued to live with David subject to liberal visitation rights by Susan.

On August 20, 1984, Susan served a notice of motion and motion on David requesting physical custody of Justin be awarded to her, child support, and blood testing to confirm her allegation David is not Justin's father. When the motion was heard, Susan also requested an evidentiary hearing on the child custody issue. The trial court heard argument on August 31, 1984 and denied Susan's motions by order dated September 19, 1984.

Susan claims the trial court erred by refusing to grant an evidentiary hearing regarding the child's custody. Susan claims she made a sufficient showing of circumstances to require the trial court to hold an evidentiary hearing. She also claims a provision in the dissolution decree permitting the parties to "apply to the Court for appropriate relief" required the trial court to grant an evidentiary hearing.[1] We disagree.

## DECISION

■ 1. A court may refuse to modify a custody decree without holding an evidentiary hearing. *Nice-Petersen v. Nice-Petersen,* 310 N.W.2d 471, 472 (Minn.1981).

[T]he burden is upon the movant to establish satisfactorily on a preliminary basis that there has occurred a significant change of circumstances from the time when the original or amended custody order was issued. Moreover, the significant change in circumstances must endanger the child's physical or emotional health or the child's development.

*Id.* (citations omitted); *see* Minn.Stat. § 518.18(d) (1982).

"There is no requirement that an evidentiary hearing be held where the affidavits do not contain sufficient justification for the modification." *Englund v. Englund,* 352 N.W.2d 800, 802 (Minn.Ct.App.1984).

■ 2. In this matter, Susan completely failed to establish any of the criteria necessary for modification of custody under Minn.Stat. § 518.18(d) (1982). Consequently, she was not entitled to an evidentiary hearing. *Englund v. Englund,* 352 N.W.2d 800 at 802 (Minn.App.1984).

■ 3. Likewise, the trial court was not bound by the provision of the dissolution decree which permitted the parties to seek appropriate relief from the court. The trial court, which was bound to act under the applicable statutes and case law, did not abuse its discretion. *See Peterson v. Peterson,* 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976). We agree with the trial court which, in a well-written order and memorandum, concluded the only risk to the child at this time is from the mother's irresponsible allegations.

Affirmed.

■

---

1. Susan did not appeal the portion of the trial court's order denying her request for blood testing. Susan's claim regarding the paternity of her child was made for the first time during her custody motion. The trial court determined this callous and irresponsible claim was barred by the three year statute of limitations under Minn.Stat. § 257.57, subd. 1 (1982) because Justin was twelve years old at the time of the hearing.

We note that Susan's counsel on appeal did not represent her when this claim was made to the trial court.