**In re the Marriage of Laurie M. POGREBA, petitioner, Appellant,**

v.

**Frank T. POGREBA, Respondent.**

**No. C6–85–166.**

Court of Appeals of Minnesota.

May 14, 1985.

Thomas A. Janson, Schmitt, Johnson & Marso, St. Cloud, for appellant.

Paul Widick, Michael O. Burns & Associates, St. Cloud, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

CRIPPEN, Judge.

### FACTS

The parties were divorced in 1980. The mother, appellant, received custody of the parties' two and one-half year old child. Respondent was ordered to pay $150 monthly for child support. He earned between $250 and $300 per week. Appellant earned about $150 per week.

In October 1984, appellant moved for increased child support. The court found respondent's income had increased between $116 and $166 per week. The court also found the mother's income had increased $266 per week. The mother claimed the father's increased income and the increased costs due to the child's greater age justified an increase in child support.

Respondent moved for a change in custody; he asked for an evidentiary hearing on the motion. Respondent claimed the mother's work schedule and living arrangements endangered the child's welfare.

The trial court denied both motions. As to child support, the court found there were no substantial changes since the dissolution that made the original award unfair. Specifically, the trial court found that respondent only had a 22% salary increase after adjustments for cost of living increases, that the mother's income had a greater relative increase than the father's income, and that increasing expenses due to the child's maturing were foreseeable at the time of dissolution. The trial court denied the father's motion for hearing, holding the father failed to make the required prima facie showing.

Both parties appeal the respective denials.

### DECISION

The trial court's findings of fact cannot be set aside unless they are clearly

erroneous. Minn.R.Civ.P. 52.01. However, we may independently review the evidence where, as here, the trial court decided an issue of fact solely on documentary evidence. *Northern States Power Co. v. Williams,* 343 N.W.2d 627, 630 (Minn. 1984).

Minn.Stat. § 518.64, subd. 2 (1984) allows modification of a child support order upon a showing of substantially changed financial circumstances that make the original award unreasonable and unfair. The affidavits and related documents show that the trial court's findings and conclusions were accurate and complete. It was not clearly erroneous in these circumstances to find that the original support award had not become unreasonable and unfair. Thus, the trial court properly denied the motion for increased child support.

The trial court need not grant a hearing on respondent's custody claim unless he presents affidavits making a prima facie case on the issue. *Nice-Petersen v. Nice-Petersen,* 310 N.W.2d 471, 472 (Minn. 1981); Minn.Stat. § 518.185 (1984). We agree that the facts related in the father's affidavits do not make a prima facie case to support his claim that the child is in danger. *See* Minn.Stat. § 518.18(d).

Affirmed.