ITASCA COUNTY SOCIAL SERVICES, ex rel. Susan Kay HALL, Petitioner, Respondent,

v.

Gus DAVID, Appellant.

No. CO–85–1166.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Thomas Butorac, Legal Aid Service of Northeast Minnesota, Virginia, for respondent.

Manuel H. Stein, Hibbing, for appellant.

Heard, considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order denying motions for an evidentiary hearing and a change of custody. We affirm.

### FACTS

Susan Kay Hall and Gus David were never married but had a son, Robert Arnold David, on June 24, 1981. Hall served a summons and complaint on David on July 15, 1981, alleging that he was the father. In his answer, David denied paternity.

Blood tests indicated a 99.924 percentage likelihood of paternity. The parties subsequently stipulated to paternity. The stipulation implicitly gave custody to Hall by including a visitation provision for David and a provision that Hall could voluntarily relinquish custody. Judgment was entered based on the stipulation. David was adjudged the father and ordered to pay child support. Hall was granted custody of the child and David was allowed visitation rights. Hall has had sole custody of the child since its birth.

David served a motion to change custody of the child and terminate the support obligation on May 8, 1985. His motive was apparently his concern that his visitation rights would be impaired by respondent's plan to leave the state with the child. The motion was accompanied by affidavits of Gus David, his wife Marilyn M. David, and his mother, Helen Marie David. Oral arguments on the motion were heard on May 31, 1985.

David sought an evidentiary hearing at that time. The trial court took it under advisement to determine whether or not the affidavits warranted such a hearing.

By order dated June 16, 1985 the court denied the evidentiary hearing and denied the motion for a change of custody. Based upon review of the affidavits, the trial court found no justification for an evidentiary hearing.

## ISSUE

Did the trial court err by denying the motion for an evidentiary hearing?

## ANALYSIS

Appellant argues he is entitled to an evidentiary hearing because there were no findings of fact made to support the original custody award. Accordingly, appellant contends, the custody order modification statute, Minn.Stat. § 518.18 (1984), does not apply here.

Respondent counters that section 518.18 does apply. Additionally, respondent argues that appellant has failed to show in his affidavits sufficient facts indicating a change of circumstances, as required for a change of custody under the statute.

A review of the affidavits in the context of the applicable statutes and caselaw confirms respondent's view, and the trial court's rulings that section 518.18 does apply in this case and that the affidavits fail to set forth facts which justify an evidentiary hearing.

### *Applicability of Section 518.18*

■ Section 518.18 applies here. Under similar circumstances the Minnesota Supreme Court held Minn.Stat. § 518.18 (1982) to apply in *State ex rel. Gunderson v. Preuss,* 336 N.W.2d 546 (Minn.1983). In *Gunderson,* as here, the parties stipulated to paternity and stipulated that the mother would have sole custody of the child. *Id.* at 547. Judgment was entered pursuant to the stipulation. *Id.* Later, the father moved for a change of custody, which the trial court granted. *Id.*

The mother appealed, arguing that the trial court erroneously applied the standards of section 518.17, subd. 3 (1982). *Id.* That section governs an initial custody determination and focuses on the "best interest of the child" test. *Id.* The appellant in *Gunderson* argued that the more elaborate standards of section 518.18 applied instead to a change of custody and that the trial court's findings failed to meet those statutory requirements. *Id.*

The supreme court agreed. *Id.* Under *Gunderson,* section 518.18 specifically governs modification of custody orders, even where the original judgment grants custody to one party pursuant to a stipulation and no findings of fact are made initially. *See id.*

This court articulated the rationale in a subsequent case, *Knutson v. Primeau,* 371 N.W.2d 582 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985): Even though custody was not initially disputed, the paternity judgment expressly stated that the mother had custody and the father had visitation rights. *Id.* at 585. Under Minn.Stat. § 257.66, subd. 3 (1980), the paternity judgment or order shall contain provisions concerning custody. *Id.* at 585–86. This initial determination of custody is *res judicata* even though the parties do not dispute custody. *Id.* at 586. Therefore, a transfer of custody modifies a prior order and is governed by the modification standard of section 518.18. *Id.; Morey v. Peppin,* 375 N.W.2d 19, 24, 25 (Minn.1985).

### *Sufficiency of Affidavits*

An affidavit setting forth facts supporting the requested transfer of custody must accompany the motion under Minn.Stat. § 518.185 (1984). The affidavit must show facts which justify an evidentiary hearing. *Morey v. Peppin,* 375 N.W.2d 19, 25 (Minn. 1985) (evidentiary hearing required on a motion for change of custody only if noncustodial parent makes adequate preliminary showing of a change of circumstances); *see also Nice-Peterson v. Nice-Peterson,* 310 N.W.2d 471, 472 (Minn.1981) (motion for modification of a custody order must be denied unless the accompanying affidavits set forth facts sufficient to justify modification).

Facts required to be shown here before a transfer of custody were those which meet the statutory requirements of Minn.Stat. § 518.18(d)(iii) (1984):

(d) If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the

time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

■ Appellant had to show fact allegations establishing on a preliminary basis that (1) a change has occurred in the circumstances of the child or Hall; (2) that a modification of custody is necessary to serve the best interests of the child; (3) that the child's present environment endangers his physical or emotional health or emotional development; and (4) that the harm likely to be caused by the change of environment is outweighed by the advantage of change to the child. *See Knutson,* 371 N.W.2d at 586.

■ In this case the affidavits completely fail to make the required allegations. Appellant has merely alleged that he has adequate resources to care for the child, and that he will be deprived of visitation rights if Hall moves out of state. His mother's affidavit contains only her opinion that her son is capable of being a good father. Finally, the affidavit of appellant's new wife states only that she is willing to care for the child. These affidavits fall far short of the mark. They do not even contain allegations of a change of circumstances. At a minimum, what is required is that:

[T]he movant * * * establish satisfactorily on a preliminary basis that there has occurred a significant change of circumstances from the time when the original or amended custody order was issued. Moreover, the significant change in circumstances must endanger the child's physical or emotional health or the child's development.

*Brown v. Brown,* 363 N.W.2d 60, 61 (Minn. Ct.App.1985) (quoting *Nice-Peterson v. Nice-Peterson,* 310 N.W.2d 471, 472 (Minn. 1981)); *cf. Hummel v. Hummel,* 304 N.W.2d 19 (Minn.1981) (trial court erred by reversing prior custody order on the basis of affidavits and oral arguments; court should have conducted full hearing with cross examination of witnesses, absent a waiver). The affidavits here simply provide no basis upon which to proceed to an evidentiary hearing.

■ A court may refuse to modify a child custody order without holding an evidentiary hearing under Minn.Stat. § 518.-18(d). *Brown,* 363 N.W.2d at 61. In *Brown* this court noted:

There is no requirement that an evidentiary hearing be held where the affidavits do not contain sufficient justification for the modification.

*Id.* (quoting *Englund v. Englund,* 352 N.W.2d 800, 802 (Minn.Ct.App.1984)).

Finally, it should be noted that a trial court is vested with broad discretion in determining what custodial arrangement will best serve the child. *MacWhinney v. MacWhinney,* 248 Minn. 303, 308, 79 N.W.2d 683, 687 (1956). An appellate court should interfere with the exercise of that discretion only for arbitrary action or a clear abuse of discretion. *Id.*

## DECISION

The trial judge was well within his discretion when he denied David's motions for an evidentiary hearing and a change of custody.

Affirmed.