**In re the Marriage of Mark Alan AXFORD, Co-Petitioner, Appellant,**

v.

**Margaret Ann AXFORD, Co-Petitioner, Respondent.**

**No. C9–86–1385.**

Court of Appeals of Minnesota.

March 10, 1987.

Nancy K. Olkon, Minneapolis, for appellant.

Ann B. Barker, Mankato, for respondent.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Mark Axford moved for modification of custody, alleging the children were being harmed by the physical and emotional environment with respondent, Margaret Axford. The trial court denied appellant's motions for modification and reconsideration. Appellant alleges the trial court erred in not making findings and in failing to hold an evidentiary hearing. We affirm.

## FACTS

The Axfords were divorced on October 20, 1982. Custody of their three children, Kelly, Michelle, and William, currently ages 14, 13, and 9, was granted to respondent.

Appellant's motion for modification of custody was supported only by an affidavit based almost entirely on unsubstantiated allegations. Following the March 6 hearing and over the objections of opposing counsel, appellant bombarded the court with over 40 affidavits. The trial court, in its July 21, 1986, denial of the motion for reconsideration, stated:

> The Order on June 5, 1986 was based upon the information provided to the Court up to the date of the hearing on March 6, 1986 * * *.

> In regard to the change of custody, the parties present conflicting evidence; but the Court is satisfied that Co-petitioner Mark Alan Axford, has not presented evidence which would justify modification under M.S. 518.18 * * *. Due to the nature of the conflicting claims of the parties, it is the Court's position that Mr. Axford has not met the requirements of subparagraph (iii) * * *. The children should, therefore, remain in the custody of the mother.

## ISSUES

1. Should the trial court have held an evidentiary hearing on the motion for reconsideration?

2. Did the trial court err when it failed to provide specific findings of fact in its denial of appellant's motion for modification?

3. Should respondent be awarded attorney's fees?

## ANALYSIS

In child custody matters the trial court's broad discretion is subject to reversal only if it is exercised arbitrarily or in a manner which signifies a clear abuse of discretion. *Itasca County Social Services ex rel. Hall v. David,* 379 N.W.2d 700, 703 (Minn.Ct. App.1986).

Appellant sought modification of the custody order based on Minn.Stat. § 518.-18(d)(iii) (1986):

> [T]he court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:
>
>    *    *    *    *    *    *
>
> (iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be

caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18 requires the moving party to present sufficient evidence by affidavit which, if true, would make a prima facie case for modification. *See Itasca County*, 379 N.W.2d at 702. The affidavit must make a prima facie case before an evidentiary hearing is required.

Appellant had to show fact allegations establishing on a preliminary basis that (1) a change has occurred in the circumstances of the child or [custodian]; (2) that a modification of custody is necessary to serve the best interests of the child; (3) that the child's present environment endangers his physical or emotional health or emotional development; and (4) that the harm likely to be caused by the change of environment is outweighed by the advantage of change to the child.

*Id.* at 703 (citation omitted).

Appellant's affidavit was devoid of allegations supported by any specific, credible evidence.

There is no requirement that an evidentiary hearing be held where the affidavits do not contain sufficient justification for the modification.

*Id.* (quoting *Brown v. Brown*, 363 N.W.2d 60, 61 (Minn.Ct.App.1985)).

■ Based on the inadequacy of appellant's affidavit, the trial court acted within its discretion when it refused to hold an evidentiary hearing.

■ The statutory requirements for specific findings do not apply to evaluation of affidavits. If a prima facie case justifying an evidentiary hearing has not been presented, it necessarily follows that there were few facts to consider or to find. In reference to modification of custody pursuant to Minn.Stat. § 518.185 (1980), the supreme court stated, "This section does not specifically authorize the trial court to make findings based upon the affidavits." *Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471, 472 (Minn.1981).

Appellant states he is unclear what evidence was considered by the trial court in its decision. This problem is the direct result of appellant's piecemeal presentation of evidence to the court *after* the hearing, on the grounds the evidence was previously unavailable. There is no indication the facts presented were unknown to appellant before the hearing. The court was within its discretion in ignoring everything except the pay stub it requested at the hearing. The court's July 21, 1986, memorandum indicates that it considered both parties' version of the situation when it declined to order a hearing.

■ Respondent seeks attorney fees under Minn.Stat. § 549.21 (1986) or § 518.14 (1986). Even though appellant has been charged with sexual abuse of one of his children and consequently is a very unlikely candidate for custody, we do not find that his motion for a change of custody was frivolous or in bad faith, the standard under Minn.Stat. § 549.21. However, we award Margaret Axford $400 in reasonable attorney fees for this appeal pursuant to Minn.Stat. § 518.14. *See, e.g., Lundell v. Lundell*, 387 N.W.2d 654, 659 (Minn.Ct. App.1986).

### DECISION

The trial court did not abuse its discretion in denying appellant an evidentiary hearing on his motion for custody modification, nor did the court err when it failed to make specific findings of fact in denying appellant's motion for reconsideration. Respondent is awarded $400 attorney fees.

Affirmed.