**In re the Marriage of Keith Charles HOVLAND, Petitioner, Respondent,**

v.

**Mona Rae HOVLAND, Appellant.**

**No. C3–86–1284.**

Court of Appeals of Minnesota.

April 21, 1987.

Susan Ginsburg, Duluth, for respondent.

Paul F. Wojciak, Hibbing, for appellant.

Considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

SEDGWICK, Judge.

The marriage of appellant Mona Hovland and respondent Keith Hovland was dissolved June 28, 1982. Respondent was awarded physical custody of the couples' minor child.

On September 24, 1984 appellant moved for modification of custody, claiming the present environment endangers the child's physical and emotional health.

Respondent moved to deny appellant's motion, define visitation, and for child support and attorney's fees. The court ordered a study of custody and visitation problems.

The trial court found that appellant was not entitled to an evidentiary hearing because she failed to make a prima facie showing of a change of circumstances or endangerment of their child's emotional health or development. The court-ordered custody investigation also concluded there was no interference with appellant's visitation rights and that neither the child's physical nor emotional health was endangered.

## DECISION

A court may refuse to hold an evidentiary hearing under Minn.Stat. § 518.18(d) when the affidavits do not contain facts which, if true, would make a prima facie case for modification. *Brown v. Brown,* 363 N.W.2d 60, 61 (Minn.Ct.App.1985). The minimum requirements for a modification in custody are as follows:

[T]he burden is on the movant to establish satisfactorily on a preliminary basis that there has occurred a significant change of circumstances from the time when the original or amended custody order was issued. Moreover, the significant change in circumstances must endanger the child's physical or emotional health or the child's development.

*Nice-Peterson v. Nice-Petersen,* 310 N.W.2d 471, 472 (Minn.1981) (citations omitted).

The affidavits indicate appellant's move to Duluth constitutes the only changed circumstance, and allegations of emotional changes in the parties' child, even if true, do not constitute a significant change in circumstances.

Although the Minnesota Supreme Court has ruled that custody modification orders based upon social services investigations must be founded upon a hearing in which witnesses may be cross-examined, *Stanford v. Stanford,* 266 Minn. 250, 123 N.W.2d 187 (1963); *Thompson v. Thompson,* 238 Minn. 41, 55 N.W.2d 329 (1952), these cases do not apply here. First, custody was not modified and second, appellant failed to make a prima facie case which would entitle her to a hearing.

We affirm.