In re the Marriage of Joan Gary
ABBOTT, Petitioner,
Respondent,

v.

Richard James ABBOTT, Appellant.

No. C0–91–2021.

Court of Appeals of Minnesota.

March 10, 1992.

Mary Kay Klein, Bemidji, for respondent.

Susan A. McKay, Bemidji, for appellant.

Considered and decided by KLAPHAKE, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

The trial court denied appellant father an evidentiary hearing on his child custody modification motion and also denied his motion for court appointment of a guardian ad litem for the minor children. We affirm in part, reverse in part and remand.

## FACTS

Appellant and respondent mother were divorced in 1984. Respondent was awarded custody of the parties' two daughters, Jenny (then age nine), and Marie (then age six). Disputes arose following the dissolution resulting in numerous motions before the court.

In June, 1986, an order was entered clarifying and modifying visitation. Appellant was awarded visitation every other weekend, alternating holidays, and six consecutive weeks during the summer.

Appellant then brought a motion to modify custody. The trial court denied that motion on November 7, 1986. Appellant was found in contempt for failing to surrender Jenny to respondent at the conclusion of a weekend visitation. There have been numerous disputes surrounding Jenny's visitation. Appellant claims Jenny does not want to return to her mother at the conclusion of the visitation periods. Jenny corroborates this claim. Respondent claims that appellant has "brainwashed" Jenny against her. Respondent also claims

that appellant does not discipline the girls and allows them to do as they please. She claims this is why the girls (particularly Jenny) have "turned on her."

In 1990, Jenny stayed with appellant for about six months with respondent's consent. In June of 1990, respondent rescinded her permission and asked that Jenny be returned to her. Respondent obtained an abuse order in conjunction with obtaining Jenny's return. The petition implied improper sexual contact between appellant and Jenny. This implication was by way of claiming appellant and Jenny "slept together." Appellant's second wife corroborated this allegation, but stated that she was also in the bed with appellant and Jenny, and no sexual contact had occurred. Appellant and Jenny both adamantly denied any improper sexual contact. Nonetheless, the court ordered supervised visitation.

Jenny was then taken to Evergreen House, a shelter care facility. After an investigation by social services and a guardian ad litem, the reports of abuse were determined to be baseless. Jenny was returned to respondent, and appellant's right to unsupervised visitation was reinstated. Also, in 1990, appellant was found in contempt of court for failing to make support payments timely.

On April 20, 1991, respondent put the girls' belongings in garbage bags and put them on the front lawn. Respondent stated she was giving up custody and that the girls could no longer live with her. The girls went to stay with appellant's parents. Jenny later moved in with appellant.

Respondent picked Marie up at her school six days later and took her to Evergreen House. Social Services then placed Marie in foster care on May 8, 1991. Marie was later transferred to a PATH foster home where she currently resides. Appellant claims he was not told where Marie was and not allowed any contact with her. Respondent talked with Marie a couple times by telephone, and she claims it was Marie's choice not to speak with her father. On August 8, 1991, Marie wrote a notarized statement stating she did not wish to have contact with appellant at that time

and would contact Jenny and/or appellant's parents when she "was ready." Appellant claims Marie's true intentions as to whether she wishes to be in the foster home are not known and a guardian ad litem should be appointed to objectively determine her wishes.

Jenny remained in appellant's care. On June 20, 1991, appellant requested an evidentiary hearing to determine if custody should be modified and asked the court to appoint a guardian ad litem to represent the children. Respondent requested that Jenny be returned to her custody with a letter to appellant on July 11, 1991. An ex parte order awarding appellant temporary custody of Jenny was issued on July 12, 1991.

The trial judge issued an order dated September 11, 1991, denying both of appellant's motions and ordering that Jenny be returned to respondent's custody the next day. The trial court made no findings as to why the motions were, or should be, denied. Appellant delivered Jenny to the police station as required and she was immediately taken to Evergreen House. She has subsequently been placed in a PATH foster home. Jenny asked for an attorney when she was placed in foster care but was not provided one. Jenny claims she was not advised as to her rights concerning the placement. Jenny states that she will not live with her mother. Both girls are currently in foster care. Appellant alleges the trial court erred in denying. his motion for an evidentiary hearing on whether a custody modification is warranted and his motion requesting a guardian ad litem for the girls.

### ISSUES

1. Did the trial court err in failing to make findings to support its order denying appellant's motions?

2. Did the trial court err in denying an evidentiary hearing on the modification motion?

3. Did the trial court err in denying appellant's motion for appointment of a guardian ad litem for the children?

## ANALYSIS

■ The order denying an evidentiary hearing on appellant's custody modification motion and denying appellant's motion for appointment of a guardian ad litem for the minor children is an appealable order under Minn.R.Civ.App.P. 103.03(g) as an "order * * * made in an administrative or other special proceeding." *Angelos v. Angelos,* 367 N.W.2d 518, 519–20 (Minn.1985). Modification proceedings under Minn.Stat. § 518.18 are appealable as of right. *Id.*

1. Generally, the trial court is required to make specific findings demonstrating the basis for its conclusions when deciding a custody matter:

> All orders and decrees in family court proceedings shall contain particularized findings of fact sufficient to support the determination of custody.

Minn.Fam.Ct.R. 7.05; *see also* Minn. R.Civ.P. 52.01; *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976); *Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971). Without findings, it is nearly impossible for the appellate court to conduct a meaningful review. *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986); *Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986).

■ It is clear that when the trial court *grants* a custody modification motion, specific findings indicating that the court considered the factors listed under Minn.Stat. § 518.18 (grounds for modification) and § 518.17 ("best interest of child" factors) are absolutely required. The appellate courts have unwaveringly remanded decisions modifying custody when the trial court has not included findings adequate to demonstrate that the appropriate factors were considered before the motion was granted. *Wallin,* 290 Minn. at 268, 187 N.W.2d at 632; *Edsten v. Edsten,* 407 N.W.2d 102 (Minn.App.1987); *Reyes v. Schmidt,* 403 N.W.2d 291, 293 (Minn.App. 1987); *Schaapveld v. Schaapveld,* 398 N.W.2d 72, 75 (Minn.App.1986).

■ There are also cases that have stated specific findings are required when the trial court decides to *deny* a custody modification motion *after* an evidentiary hearing. *Wallin,* 290 Minn. 261, 187 N.W.2d 627; *Sullivan v. Allen,* 419 N.W.2d 822 (Minn.App.1988). There are still other cases holding that if the trial court decides that an evidentiary hearing is *not* necessary (because the party asking for the modification has not made out a prima facie case meeting the requirements of Minn. Stat. § 518.18), the court does not need to make particularized findings indicating consideration of the statutory factors. *Nice–Petersen v. Nice–Petersen,* 310 N.W.2d 471, 472 (Minn.1981); *Axford v. Axford,* 402 N.W.2d 143, 145 (Minn.App.1987); *Hunt v. Hunt,* 381 N.W.2d 467, 469 (Minn. App.1986). The court in *Axford* stated:

> The statutory requirements for specific findings do not apply to evaluation of affidavits. If a prima facie case justifying an evidentiary hearing has not been presented, it necessarily follows that there were few facts to consider or to find.

402 N.W.2d at 145.

■ Minn.Stat. § 518.185 (1990) provides that the party seeking modification of a custody order is to submit affidavits setting forth the facts which demonstrate the conditions such that a modification should be granted under Minn.Stat. § 518.18. The trial court then reviews the moving party's affidavits, taking the facts alleged therein to be true, and determines whether a prima facie case has been made for modification. *Nice–Petersen,* 310 N.W.2d at 472. If a prima facie case has not been made, the trial court should deny the motion for an evidentiary hearing. *Id.*

Thus, when an evidentiary hearing is denied, the record consists of the affidavits the moving party submitted in support of the modification motion. Because the record is documentary, the appellate court can review the trial court's determination in a meaningful manner despite the lack of specific findings.[1] The appellate court

---

**1.** This situation can be juxtaposed with the appellate court's quandary when the trial court

takes in other types of evidence (*i.e.,* testimony) at an evidentiary hearing and does not set forth

does not need findings on undisputed facts. This is because, in order to make a prima facie case, the moving party must only allege facts which would support a modification order if any contradictory evidence is disregarded. The moving party must supply sufficient evidence that, taken alone, would render a directed verdict improper. When deciding whether the moving party has made out a prima facie case, *there are no disputed facts*. The reviewing court accepts the facts in the moving party's affidavits as true and decides if those facts satisfy the applicable test. Specific findings are not needed, then, when reviewing a *denial* of a motion for an *evidentiary hearing*.

To clarify when specific findings are required with custody modification determinations the following propositions are laid down:

1) If the trial court determines that the affidavit evidence submitted by the moving party fails to make out a prima facie case for modification according to the statutory factors, the trial court need only state that such is the case, it need not make specific findings on the statutory factors themselves.[2]

2) If the trial court conducts an evidentiary hearing on a custody modification motion it must set down in specific detail its findings sufficiently indicating that the court has adequately considered the applicable statutory factors in reaching its decision to either modify or not modify custody.

In the present case, the trial court was not required to make specific findings on the statutory factors. The trial court's order, however, merely issues a blanket denial of the motions. There is no indication the court applied the applicable test or the applicable statutes. This court cannot affirm the trial court's decision because there is no way to determine what the trial court decided.

2. The standard of review is whether the trial court abused its discretion in denying the motion to schedule an evidentiary hearing. *Axford*, 402 N.W.2d at 144. The trial court should grant the evidentiary hearing if the moving party's affidavits, *taken as true*, make out a prima facie case for the modification. *Id.* at 145. In order to make out a prima facie case for modification of custody:

> Appellant had to show fact allegations establishing on a preliminary basis that (1) a change has occurred in the circumstances of the child or [custodian]; (2) that a modification of custody is necessary to serve the best interests of the child; (3) that the child's present environment endangers his physical or emotional health or emotional development; and (4) that the harm likely to be caused by the change of environment is outweighed by the advantage of change to the child.

*Itasca County Social Servs. ex. rel. Hall v. David*, 379 N.W.2d 700, 703 (Minn.App. 1986); *see also* Minn.Stat. § 518.18(d) (1990). We must then review the affidavits appellant submitted in support of his motion for modification to see if appellant made out a prima facie case under this four-factor test.

A. Change in circumstances.

There must be a significant change of circumstances since the prior order establishing custody. *Englund v. Englund*, 352 N.W.2d 800, 802 (Minn.App.1984). Whether a significant change has occurred must be determined on a case-by-case basis. *Lilleboe v. Lilleboe*, 453 N.W.2d 721, 723 (Minn.App.1990). Appellant's affidavits allege that the custodial parent threw the children out of the home and had "given up custody." Jenny Abbott's affidavit states that:

> under no circumstances will I live with my mother. She has put me and my sister out and then pulled us back too many times which puts us through hell.

its specific findings as to how the evidence met or failed to meet the statutory factors for a custody modification motion.

2. To show that it has applied the correct test, the trial court should at least state that the moving party has failed to make its prima facie case.

She also states: "I resent my mother too much right now to have anymore counseling."

Appellant's affidavits state that the children have suffered stress and anxiety because their mother has thrown them out of the house. Respondent alleges that because Jenny had originally desired to live with appellant, the fact that she desires this presently is not a change in circumstances. The relationship between the two has clearly worsened, however. Jenny *refuses* to live with her mother, and has not moved back with her. She has instead entered a foster home. The extreme deterioration of the relationship could be considered a significant change in circumstances. The children cannot be blamed if they do not trust their mother (as Jenny alleges) after being thrown out of the house. Having to live with the anxiety that this will happen again could also be considered a change in circumstances. It appears that the affidavits in support of appellant's motion make out a prima facie case that a change in circumstances has occurred.

### B. Child's best interest.

Minn.Stat. § 518.17 sets forth the factors to be considered when determining whether modification of a custody order would be in the child's best interests. *Rosenfeld,* 311 Minn. at 80–81, 249 N.W.2d at 170–71. Applying the facts alleged in appellant's affidavits to Minn.Stat. § 518.17, the following factors weigh in favor of modification:

1. Wishes of Parents—respondent kicked the children out of the home. Appellant states he wants custody of the children.

2. Reasonable Preference of the Child—Jenny has unequivocally stated her preference to live with her father. Marie is apparently unsure of her preference; appellant's affidavits do not claim otherwise.

3. Intimacy of Relationship between Child and Parent—Jenny's relationship with her mother is in a shambles while her relationship with her father is strong. As for Marie, it does not appear her relationship is stronger or weaker with either parent, but Jenny's affidavit alleges respondent has put both girls "through hell."

4. Child's Adjustment to Home, School, Community—appellant and respondent reside in the same community. Neither girl seems happy with the respondent. Jenny says she will not make an effort to reconcile with her mother. Marie does not appear to know with which parent she would rather live.

5. Capacity/Disposition of Parties to Give Love, Affection, Guidance, Culture, Religion—appellant claims he is ready and willing to do all of the above. Jenny states she will not trust her mother, and appears unwilling to accept her love. Marie may find it difficult to accept respondent's love, affection or guidance after being "kicked out of the house."

The affidavits appellant submitted in support of his motion for modification of custody, taken as true, establish a prima facie case that modification would be in the best interests of Jenny. It is a closer call as to whether appellant has met the burden with Marie. Taking the facts alleged in his affidavit to be true, however, appellant has presented sufficient evidence that modification of custody would be in Marie's "best interests" as well.

### C. Whether the present environment endangers the children's physical or emotional health or emotional development.

Appellant's affidavits make out a prima facie case that the children's emotional development and health is endangered in the respondent's home. Jenny has stated that she does not trust her mother and her mother's actions in throwing the girls out have "put them through hell." Marie has refused to move back to respondent's home. Also, appellant claims the children have suffered stress and anxiety that they will be thrown out again. The fact that respondent threw the girls out of the house—and might do so again—could endanger their physical health as well. Jenny also alleges her mother does not buy the

girls winter clothes. She claims she has tried to talk to her mother but her mother gets mad. She appears to be in need of counseling but says she resents her mother too much to have any more counseling. Taking appellant's evidence as true, he has made a prima facie case that the children's emotional health and/or development is endangered in the present environment.

D. Whether the harm associated with removing the children from respondent's custody will be outweighed by the benefits of modifying custody.

It is clear appellant has made a prima facie showing that any harm Jenny might suffer as a result of the change would be outweighed by the benefit to her. Jenny refuses to live with respondent. She is sixteen years old, and she has lived with appellant for extended periods of time. Appellant lives in the same community as respondent. Although respondent claims that appellant would not provide a safe and reasonable environment for Jenny, appellant's prima facie case is not affected by these claims. Appellant's evidence must be viewed as true, and respondent can offer rebuttal at the evidentiary hearing. Appellant has made a prima facie case that any harm in removing Jenny from respondent would be outweighed by the benefits to her.

Because Marie is younger, and has not stated a preference to live with appellant, it is less clear that any harm she would suffer from removing her from respondent's custody would be outweighed by the benefits of modifying custody. She is currently in a foster home, however, so apparently little or no harm would result from removing her from respondent's custody. Also, appellant alleges he would provide a stable environment for the girls. It is clear Marie does not have a stable environment with respondent. Thus, appellant has made his prima facie case on this issue as it relates to Marie as well.

The affidavits submitted in support of appellant's motion make out a prima facie case for modifying the custody of both girls. Therefore, the trial court erred in refusing to grant an evidentiary hearing to determine whether custody should be modified.

3. Appellant alleges that the children should have a guardian ad litem appointed because they were unfairly placed in their foster homes and their true wishes are not known to the court. Respondent states that she would defer to the trial court's decision on the matter.

Although it appears a guardian ad litem might be beneficial, that decision rests with the trial judge unless the court has reason to believe that the child is a victim of domestic abuse or neglect. Minn.Stat. § 518.165 (1990). It does not appear either child meets the definitions of those terms.

It also appears that the girls have made their wishes known to the court. Although Marie does not know which parent she would rather be with, she has made it clear that she needs time to be away from both and sort things out. Although a guardian ad litem might be helpful, it does not appear that the trial court was required under Minn.Stat. § 518.165 to appoint one. The trial court did not abuse its discretion in deciding not to appoint a guardian ad litem.

It is far from clear that a modification of custody would be in the best interests of either child. This should be decided, however, at an evidentiary hearing where the trial court can weigh all the evidence and all the statutory factors and make detailed, specific findings as to the best interests of Jenny and Marie. Both girls are obviously troubled, confused, and (at least to a certain extent) unhappy.

This court is not unaware of the apparent lack of maturity of the parties to this custody dispute. Although the parties claim they only want what is best for the children, both have done virtually nothing in support. The children have wound up in the middle of their parents' inability to act as adults, and to reach an agreement on matters concerning custody and visitation. One need only look at the numerous court hearings to reach this conclusion. We make these observations for the purpose of

pointing out that the best interests of the children should be paramount and that the parties should make an attempt to avoid further litigation, and to settle their differences without further detriment to the children.

## DECISION

Appellant has made a prima facie case for modification of both girls' custody. Therefore, the trial court erred in denying an evidentiary hearing on whether a modification is appropriate. The trial court must specifically list its findings of fact on the applicable statutory factors utilized in arriving at its decision to grant or deny the modification motion. The trial court did not abuse its discretion in deciding not to appoint a guardian ad litem for the children.

Affirmed in part, reversed in part, and remanded.