In re the Marriage of Cathy Jo HUNT, petitioner, Appellant,

v.

Richard C. HUNT, Respondent.

No. CO–85–1278.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Philip N. Scheide, Eagan, for appellant.

Robert W. Reutiman, Jr., Wayzata, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Cathy Jo Hunt appeals from an amended dissolution judgment which failed to modify child custody as she requested, and from an order denying her an evidentiary hearing on the issue of visitation. We affirm.

## FACTS

The parties were divorced in Illinois in November 1983. They have two sons, aged 5 and 3½ years. After a custody investigation which recommended joint custody, the parties stipulated to joint legal custody where respondent father has physical custody twelve weeks per year (eight weeks in the summer, two weeks in December, and two additional weeks), and appellant has custody the remainder of the year.

Shortly after the divorce, and with the consent of respondent, appellant and the children moved to Minnesota. In Novem-

ber 1984, she moved to modify the Illinois decree to give her sole legal custody, reduce respondent's visitation schedule and increase child support. Respondent initially challenged the court's jurisdiction, but later withdrew that challenge. Both parties filed affidavits in support of their respective positions on the custody issue. No evidentiary hearing was requested. The arguments of counsel at the motion hearing were transcribed.

An amended judgment was entered April 25, 1985, which increased child support, ordered respondent to pay disputed medical bills, attorneys' fees and court costs, but it did not modify the custody determination or the visitation schedule.

In June 1985, respondent sought an order requiring appellant to comply with the visitation terms of the decree. Appellant countered with a motion for an evidentiary hearing on the out-of-state visitation arrangement. This motion was heard by a judge other than the judge who heard the custody motion. The arguments of counsel at this motion hearing were also transcribed. Pursuant to an order dated June 7, 1985, the trial court set forth specific provisions to ensure respondent's visitation with his sons, and denied appellant's request for an evidentiary hearing regarding visitation.

In her motion for sole custody, appellant alleged that respondent does not follow up on necessary medical treatment when the children reside with him nor does he advise her of rashes, falls or other medical problems. However, she also criticized respondent for taking the children to his physician for a complete medical check-up. Respondent maintained that he acted out of proper concern for the boys' health.

In response to appellant's argument that at times she did not know where respondent resided, respondent asserted that the only time he was unable to be reached was when he was on his honeymoon with his new wife.

Appellant complained that respondent only telephoned his sons four to six times per month. She further alleged that the long interstate travel posed a hardship for the children, and requested that visitation be scheduled for two two-week periods each summer, one week at Easter and alternating Christmases. She also complained that the children spent much time in day care while with their father and that they were tired and irritable when they returned home from their visits.

Finally, appellant argued that her stipulation in the Illinois judgment regarding joint legal custody was not voluntary. There is no evidence that the Illinois judgment was appealed.

Many of appellant's custody modification arguments were reiterated in her June 1985 motion for an evidentiary hearing on visitation. In addition, she alleged in her visitation motion that the eight-week summer visitation caused the boys to miss swimming lessons, violin lessons and other organized activities.

## ISSUES

1. Did the trial court abuse its discretion in refusing to modify child custody?

2. Did the trial court abuse its discretion in refusing to modify visitation without an evidentiary hearing?

## ANALYSIS

### I.

### Custody Modification

Minn.Stat.§ 518.18(d) (1984) is applicable to appellant's request for sole legal and physical custody of her sons and provides in relevant part:

(d) * * * [T]he court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall

retain the custodian established by the prior order unless:

\* \* \* \* \* \*

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Appellant, as the party requesting the custody modification, has the burden of proving preliminarily that a significant change in circumstances has taken place. *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn.1981); *Englund v. Englund*, 352 N.W.2d 800, 802 (Minn.Ct. App.1984).

The trial court has broad discretion in custody determinations and will not be reversed absent a clear showing of abuse of discretion. *Englund*, 352 N.W.2d at 802.

In its findings of fact, conclusions of law and order for judgment, the trial court found:

Facts have not arisen since the prior custody order amounting to a change in circumstances of the children, or either party, necessitating a custody modification in the best interests of the children.

We conclude that the trial court's determination was not an abuse of discretion.

A careful review of the complaints voiced by appellant in her affidavit regarding custody modification indicates that those complaints do not allege facts which bring this matter within the provisions of section 518.18(d). Appellant's concerns arise in large measure from the circumstances of arranging the interstate visitation which inevitably resulted from the parties' agreement that appellant and the children would move to Minnesota. Yet, appellant's proposed solution (more frequent visitation for shorter periods of time) would not alleviate those concerns. Her complaints regarding the medical care of the children appear inconsistent. Further, her argument that the Illinois stipulation regarding joint custody was not voluntary is an issue that

should have been raised in a direct appeal from the Illinois judgment. There is no indication that such an appeal was taken. The Minnesota trial court did not err in failing to address that issue.

■ Finally, appellant argues that the trial court erred in failing to make specific findings of fact when it denied her custody modification motion. While findings would be of assistance to a reviewing court under any circumstances, appellant cites no authority that mandates that such findings must be made when custody modification is denied. Aside from the arguments of counsel, the record here was documentary. Although appellant continues to maintain that the trial court's denial of custody modification is not supported by the evidence, our independent review of the record leads us to conclude that appellant did not meet the threshold requirements of Minn.Stat. § 518.18(d). Nowhere in her affidavits does she directly state facts that indicate circumstances have changed since the entry of the original decree or that address the children's best interests. A reasonable construction of section 518.18(d) would:

require the trial court to deny a motion for modification of a custody order unless the accompanying affidavits set forth sufficient justification, if the facts alleged therein are true, for the modification.

*Nice-Petersen*, 310 N.W.2d at 472.

## II.

### Visitation Modification

■ Respondent argues that appellant's motion requesting an evidentiary hearing on visitation raises issues similar to those that she unsuccessfully raised in her custody motion a few months earlier. Thus, respondent contends, appellant's request is in violation of Minn.Stat. § 518.18(b) (1984) which provides in pertinent part:

If a motion for modification has been heard, whether or not it was granted, \* \* \* no subsequent motion may be filed within two years after disposition of the prior motion on its merits \* \* \*.

It is true that many of the allegations raised by appellant in her earlier motion were raised again in the context of visitation. Appellant cited no facts that arose between the two motions which could have supported a decision different from the one stated in the April 1985 judgment. However, appellant did raise additional issues in the later motion, alleging that visitation interfered with certain activities of the children. While the trial court did not specifically address these new concerns, it clearly did not err in failing to find that such concerns as swimming and violin lessons should take precedence over continuing visitation with a natural parent. We find no error in the trial court's positive response to respondent's request that his right to visitation be enforced, nor in the court's denial of appellant's request for an evidentiary hearing regarding visitation.

### DECISION

Where the party requesting a child custody modification did not show a significant change in circumstances since the original stipulated custody order, the trial court did not abuse its discretion in denying the motion for a custody modification. The trial court did not abuse its discretion in refusing to hold an evidentiary hearing on the issue of visitation.

Affirmed.