**In re the Marriage of James L. GUSTAFSON, Petitioner, Respondent,**

v.

**Gail A. GUSTAFSON, Appellant.**

No. C8–85–640.

Court of Appeals of Minnesota.

Nov. 5, 1985.

Dorsey & Whitney, Roger J. Magnuson, Edmund P. Anderson, Minneapolis, for respondent.

David L. Ramp, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LESLIE, Judge.

Father petitioned to gain custody of his two children from mother. The trial court

held that the children's present environment with the mother endangered their emotional health and development, and granted father's petition. Mother appeals. We affirm.

## FACTS

Appellant Gail Gustafson and respondent James Gustafson were married in 1977. They had two children, a boy, age ten, and a girl, age seven. In 1980, they separated and filed for a dissolution which was not finalized until March 7, 1985.

In 1982, a separate hearing was held to determine custody of the children. The court awarded respondent custody of the children, subject to appellant's right of visitation. The court's order contained a condition, however, that "the minor children not have contact with one Sam Glirbas, and evidence of such contact shall be deemed the subject of the court's reconsideration of the custody issue." This condition was apparently imposed because of evidence that Glirbas sexually abused the daughter, had drug and alcohol abuse problems, and had problems controlling his anger.

Although appellant told the court that she was no longer seeing Glirbas, they had a child together in May 1983, and shortly thereafter Glirbas moved in with appellant. When respondent learned that Glirbas had moved in, he brought a motion to modify custody. On August 5, 1983, the court ordered a custody evaluation to specifically evaluate whether the children's custodial circumstances endangered them.

Hennepin County Court Services performed a custody study and issued a report in March 1984. This report was based upon a six-month study by two child protection experts, a psychologist, and a chemical dependency counselor. The report found that appellant and Glirbas were living together and that Glirbas was actively involved in the parenting of the two children. The report found that the two children had significantly deteriorated emotionally since the custody order of July 1982. The report also found that appellant and Glirbas had sabotaged the children's relationship with

their father by demeaning him and by physically punishing the children for showing positive emotional feelings towards him. Furthermore, the report found that respondent was much less hostile than appellant and that he was more willing to accept responsibility. The report concluded that a significant change had occurred in the custodial arrangement, that these changes posed a danger to the children, and that the benefits of a custodial transfer outweighed the harm likely to be caused by the change itself. The report recommended that respondent have sole legal and physical custody of the children.

On February 5, 1985, a trial was held. There was testimony by appellant, respondent, Glirbas, respondent's mother, a church elder at respondent's church, and two psychologists. The county report was also entered into evidence.

On March 7, 1985, the district court made its findings and judgment granting the parties' divorce and granting respondent's motion to change custody. The court found that Glirbas had moved into appellant's home in spite of the court order and that appellant obtained a restraining order to keep respondent from learning about this. The court found that Glirbas has a history of chemical abuse, anger problems, and has serious physical health problems which require him to spend much of his time in the home alone with the children. The court further determined that appellant has continually tried to undermine respondent's relationship with his children, has been uncooperative with visitation, and has encouraged the children to call Glirbas "Dad" and respondent "Jimbo."

The court relied on the report of Dr. Chang, a psychologist who felt that appellant's efforts to undermine the children's relationship with respondent endangered the children's emotional health and development. The court also relied on the county report, which stated that the children's mental health had deteriorated since appellant had been granted custody of the children. The court specifically found that these reports were credible and sustained

by the evidence. The court discounted the testimony of Dr. Gross, the other psychologist, because it was performed in anticipation of trial and was not as complete as the two other reports.

The court concluded that the children's environment endangered their emotional health and development. The court determined that the advantages of a change of environment outweighed the harm likely to be caused by such a change. Therefore, the court ordered joint legal custody, but granted respondent physical custody of the children. The mother appeals.

## ISSUE

Did the trial court err in transfering custody of the children from appellant to respondent?

## ANALYSIS

Although appellant presents numerous separate arguments for reversing the trial court, her argument, essentially, is that the evidence did not justify the ruling. The thrust of appellant's argument is that the allegations by the children against her and Glirbas are hearsay. Because everyone seems to agree that the boy is prone to lie, appellant argues that all of the allegations are unproven.

■ The beginning point for the analysis is Minn.Stat. § 518.18(d) (1984), which states as follows:

If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless: * * *

(iii) The child's present environment endangers his physical or emotional

health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Under this provision, the petitioner has the burden of proving a significant change of circumstances. *In Re Marriage of Gottenborg*, 343 N.W.2d 674, 675 (Minn.Ct.App. 1984). In order to find such a change in circumstances, the trial court must make specific findings that (1) a significant change in the circumstances of the child or the custodian occurred since the prior order; (2) the modification of custody serves the child's best interests; and (3) the child's present environment endangers the child's health or impairs his or her emotional development, and the harm likely to be caused by the change in custody is outweighed by the advantages of the change. *State on Behalf of Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn.1983).

The scope of our review is limited. Minnesota Rule of Civil Procedure 52.01 states that the trial court's findings of fact should not be reversed unless they are clearly erroneous. The trial court also has broad discretion in child custody matters, and this court will not reverse the trial court unless there is a clear showing of an abuse of that discretion. *Englund v. Englund*, 352 N.W.2d 800, 802 (Minn.Ct.App.1984). Because the trial court must find each of the three elements, we will discuss each separately.

### I. *Change In Circumstances*

■ There must have been a substantial change in the circumstances of the custodial parent or of the children since the original order was made. *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn. 1981). Here, it is undisputed that almost immediately after the original custody order, Glirbas moved in with appellant and the children. This was a knowing and willful violation of a court order that the children not have any contact with Glirbas. There have been numerous allegations of physical and sexual abuse by Glirbas. Although these allegations may not have

been proven beyond a reasonable doubt, Glirbas has admitted that he has problems with drugs, alcohol, and controlling his anger. These facts strongly support the court's finding, and we therefore hold that the court did not err in determining that there was a change in circumstances.

## II. *Children's Best Interests*

In addition to the substantial change in circumstances, the modification must be necessary to serve the children's best interests. *Chapman v. Chapman*, 352 N.W.2d 437, 440 (Minn.Ct.App.1984). Substantial evidence was presented to support the trial court's findings on this element. First, there is the Glirbas controversy. Next, there is the testimony of Dr. Chang, who opined that a change of custody was in the children's best interests. Finally, there is the thorough county report which also concluded that it was in the children's best interests for respondent to have custody of them. Because this evidence strongly supports the trial court's finding, we hold that the court did not err in determining that it was in the children's best interest to change custody.

## III. *Children's Environment*

The final element under § 518.18(4) is that "[t]he child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." This element has two parts: the environment must be dangerous to the child; and the harm from moving must be outweighed by the advantages of the change. *See In Re Marriage of Gottenborg*, 343 N.W.2d at 676.

The same evidence that tended to prove the children's best interests supports the trial court's findings on this element. Appellant argues that the children's environment is not dangerous. She argues that the court failed to acknowledge the positive changes that had occurred in her and Glirbas' lives. Appellant also argues that the benefits of change do not outweigh the harm to the children. This is especially true of the boy who is presently enrolled in a special school program, which he would no longer be able to attend. Appellant also argues that the trial court failed to consider the environment respondent would place the children in, specifically the housing and child care of the children.

It is not this court's duty to weigh all of the evidence and come to an independent conclusion concerning the children's best interests. The trial court considered all of the testimony, and followed the recommendations of a highly qualified psychologist and a thorough county report. We cannot say that this was a clear abuse of discretion.

## DECISION

Because we feel there is ample evidence to support the trial court's finding, we affirm.