In re the Marriage of Junice A. SCHAAPVELD, Appellant,

v.

Gary E. SCHAAPVELD, Respondent.

No. C8–86–1233.

Court of Appeals of Minnesota.

Dec. 30, 1986.

Van Holston, Burnsville, for appellant.

Patrick V. Johnson, Minneapolis, for respondent.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This is an appeal from an amended judgment partially modifying custody of the parties' children. Appellant contends the trial court erred because evidence considered was insufficient to support a custody modification.

## FACTS

Appellant and respondent were married on May 4, 1968. Their marriage was dissolved by a decree filed on December 22, 1977. The parties are the parents of three minor children: Karla, born September 11, 1970, Kari, born September 18, 1973, and Steve, born April 9, 1975.

The original dissolution order granted appellant physical custody of all three children. This custodial arrangement did not present `significant problems until the Spring of 1985. At this time, appellant decided to move to Marshall, Minnesota, and start her own business. Prior to relocating, appellant filed a notice of motion and motion for a hearing to increase respondent's child support payments. Respondent then filed a responsive notice of motion and motion for a modification of custody.

At appellant's request, respondent assumed physical custody of the children prior to the modification hearing. On July 24, 1985, the court heard appellant's motion to increase child support. While the trial court felt a support modification was warranted, it deferred ordering such relief until it had addressed respondent's motion for custodial modification. The trial court further found that respondent, through his pleadings, had made a prima facie showing that physical custody with appellant was dangerous to the childrens' mental and physical health. The trial court then ordered a custody evaluation and continued the matter to October 8, 1985.

Pursuant to the July 24, 1985 order, Dorothy Meyer of court services conducted a custody evaluation. Meyer interviewed appellant, respondent and the children. Based upon these interviews, Meyer advised against sending the children back to appellant pending the custodial study. She concluded that the children resisted residing with appellant. Meyer found that appellant and the children have significant relationship problems which are causing physical and verbal confrontation. Meyer attempted to conduct a second evaluation for purposes of providing the court with a definitive custodial recommendation. Because of appellant's lack of cooperation, Meyer was unable to formulate a definitive custodial recommendation. However, Meyer did note that her prior recommendation placing the children with respondent remained unchanged.

On October 8, 1985, another hearing on the custody and support modification matters was held. The trial court found that court services was unable to complete an

actual custody evaluation because of appellant's non-cooperation. The trial court then ordered continued physical custody with appellant and a complete custody evaluation.

Pursuant to the October 8, 1985, order, Ervin Wismer of court services submitted a custody evaluation. Wismer's findings and evaluation support Meyer's two prior evaluations that the children remain in respondent's custody. In his recommendation, Wismer noted that respondent was capable of caring for the children, that the children wished to remain with respondent and that problems between appellant and the children had not been resolved.

On March 28, 1986, an evidentiary hearing was held on the custody and child support issues. The trial court issued an order Amending the judgment which partially modified the previous custodial order. In its order, the court left physical custody of Kari and Steven with appellant, but granted respondent physical custody of Karla, who was fifteen and one-half years old at that time.

## ISSUE

Do the trial court's findings adequately support its custody modification order granting custody of Karla to respondent?

## ANALYSIS

The starting point for custody modification analysis is Minn.Stat. § 518.18(d) (1984), which states as follows:

If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

\* \* \* \* \* \*

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

*Id.* In order to find such a change in circumstances, the trial court must make specific findings that (1) a significant change in the circumstances of the child or the custodian occurred since the prior order; (2) the modification of custody serves the child's best interests; and (3) the child's present environment endangers the child's health or impairs his or her emotional development, and the harm likely to be caused by the change in custody is outweighed by the advantages of the change. *Gustafson v. Gustafson*, 376 N.W.2d 290, 292 (Minn.Ct.App.1985) (citing *State on Behalf of Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn.1983)).

Application of the standards outlined in Minn.Stat. § 518.18 is not optional. *Bjerke v. Wilcox*, 384 N.W.2d 250, 252 (Minn.Ct.App.1986). The explicit language requiring consideration of specific factors is "indicative of a legislative intent to impart a measure of stability to custody determinations \* \* \*." *Gunderson*, 336 N.W.2d at 548.

The trial court's findings in the present case do not meet the minimum requirements in Minn.Stat. § 518.18. The court made no specific findings as to a change in either Karla's or appellant's circumstances since the original custodial order. Furthermore, the court made no specific findings indicating Karla's physical or emotional health is endangered or that modification is necessary to serve Karla's best interests.

It is unfortunate that the trial court failed to support its modification order with the particularized findings required by Minn.Stat. § 518.18, as the change of custody was appropriate. The evidence in the record supports the trial court's result. Karla prefers to remain with respondent and is of an age where her custodial prefer-

ence should be considered. Karla has lived with respondent since June of 1985 and has established herself academically and socially. Two court services reports recommend that all three children remain in respondent's custody[1]. Affidavits prepared by all three children state they prefer living with respondent. The childrens' affidavits point to a continuous course of physical and emotional confrontations between appellant and the children. Finally, appellant has relocated in Marshall. Requiring Karla to leave her home with respondent in Minneapolis could present adjustment problems.

Nevertheless, particularized findings are necessary to facilitate appellate review, to ensure that the trial courts are considering prescribed standards, and to satisfy the parties that an important question was fairly considered and decided by the trial court. *Bjerke*, 384 N.W.2d at 252 (citing *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976).

### DECISION

This case is remanded to the trial court, with instructions to make particularized findings supporting a decision in accordance with Minn.Stat. § 518.18.

Remanded.

---

**1.** Since respondent did not file a cross appeal, the issue of whether the trial court properly left custody of Kari and Steven with appellant is not before this court.