In re the Marriage of: Anne Marie EDSTEN, Petitioner, Appellant,

v.

Jeffrey Lee EDSTEN, Respondent.

No. C0–86–1663.

Court of Appeals of Minnesota.

June 2, 1987.

James V. Gerharter, Minneapolis, for appellant.

Timothy L. Piepkorn, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., LANSING and STONE, * JJ.

## OPINION

PARKER, Judge.

This appeal is from an order modifying custody of the parties' minor child. We reverse and remand for findings under Minn.Stat. § 518.18(d) (1986).

## FACTS

Anne and Jeffrey Edsten were divorced in December 1976. Anne was awarded custody of their child, Edward, born April 8, 1971. Jeffrey has since remarried and has another child by his current wife.

In June 1985 Jeffrey refused to return Edward after a four-week visitation, and he moved for an order modifying the divorce decree and granting him custody. Jeffrey was granted temporary custody of Edward in August 1985.

An evidentiary hearing on Jeffrey's motion was held on September 3, 1986. Both parties testified that since two or three years ago, Edward has expressed a desire to live with his father. The trial court had a brief *in camera* interview with Edward.

The court-ordered custody study states:

It is my opinion that it is in the best interests of Ed Edsten to be placed * * * in the primary physical custody of his father, Jeff. This recommendation is based on the child's demonstrated integration into his father's home and school environment, the present unresolved status of Anne's living situation, and the child's stated preference to do so.

The trial court granted custody to Jeffrey. In its first order, it made the following findings of fact:

1. [Edward] has lived with [Jeffrey] since August 7, 1985 on a temporary basis and is thriving in this arrangement.

2. That there has been limited visitation of [Edward] with [Anne]. That [Jeffrey] has restricted a more liberal schedule due to his intense effort to limit visitation between mother and child to a minimum.

3. That [Edward] has expressed his preference to remain in the home of [Jeffrey] for the foreseeable future. That in view of the age and intelligence of Edward Edsten, the Court cannot ignore his wishes.

4. That a more liberal visitation schedule is necessary to preserve the child-parent relationship with both parents in the best interest of the child and both parents.

After this court granted Anne's petition for discretionary review, the trial court issued an amended order containing essentially the same findings.

## ISSUES

1. Do the trial court's findings adequately support its modification of custody?

2. Did the trial court erroneously admit hearsay evidence?

## DISCUSSION

### I

We note initially that this appeal is from the trial court's first order only. In our order granting discretionary review, we ruled the first order was a final order modifying custody. Although the amended order stated that it did not amend the dissolution decree's grant of custody to Anne, it was issued after Anne had taken this appeal, which divested the trial court of jurisdiction. *See Gummow v. Gummow,* 356 N.W.2d 426, 428 (Minn.Ct.App.1984).

The starting point for custody modification is Minn. Stat. § 518.18(d) (1986), which provides:

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

* * * * * *

(ii) The child has been integrated into the family of the petitioner with the consent of the custodian; or

(iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

■ Both parties agree that Anne did not consent to Edward's becoming integrated into Jeffrey's family. In order to modify custody, therefore, the trial court had to make specific findings that (1) a significant change in the circumstances of the child or the custodian occurred since the prior order; (2) the modification of custody serves the child's best interests; and (3) the child's present environment endangers the child's health or impairs his or her emotional development, and the harm likely to be caused by the change in custody is outweighed by the advantages of the change. *Gustafson v. Gustafson*, 376 N.W.2d 290, 292 (Minn.Ct.App.1985) (citing *State on Behalf of Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn.1983)).

The trial court did not make the required findings, and so we must reverse and remand for findings on the statutory factors. *See, e.g., Schaapveld v. Schaapveld*, 398 N.W.2d 72, 74 (Minn.Ct.App.1986); *Chapman v. Chapman*, 352 N.W.2d 437, 440 (Minn.Ct.App.1984). On remand the trial court may take further evidence if it deems necessary.

■ We note that while the legitimate custodial preference of the adolescent child is not a mandated factor for consideration in deciding motions for modification of custody, as it is in initial custody determinations, it may be given weight to the extent that it might bear on the child's emotional well-being when it is clear to the trial court that it is not the product of manipulation by the non-custodial parent.

■ The trial court has found that Edward is thriving in his father's care; upon remand this fact will be appropriately considered in the balance between the "harm likely to be caused by a change of environment" and the "advantage of a change to the child."

## II

Anne argues the trial court erred by admitting the following hearsay evidence over her objection:

The trial court admitted letters from Edward's allergist and the counselor of his support group, although recognizing they were hearsay. Jeffrey argues they were admissible as business records under Minn. R.Evid.803(6), but no such foundation was laid and they do not appear to qualify for this exception. The trial court should not consider the letters on remand.

■ Jeffrey testified that Edward says that when he tells his mother he wants to live with his father, she dismisses it as being not his true feelings, but what Jeffrey tells him to say. It was harmless to admit this, since the court interviewed Edward.

■ Jeffrey also testified that Edward said his mother told him she was unable to take a job outside Minnesota because of him (Edward). The trial court acknowledged this was hearsay; it should not consider it on remand.

■ We recognize that hearsay evidence may sometimes be of great assistance to a trial court in determining the best interests of the child or topics for *in camera* interview. A trial court may then be justified in

finding that such evidence is admissible under the "catch-all" exception to the hearsay rule, Minn.R.Evid. 803(24).

Jeffrey argues the trial court erred in allowing into evidence a 1975 lifestyle study of him and an accompanying social worker's letter. We will not address this issue because he did not file a notice of review.

### DECISION

The trial court did not make adequate findings on the statutory factors to support its modification of custody.

Reversed and remanded.