In re the MARRIAGE OF Paul Richard DAVIS, Petitioner, Appellant,

and

Kathleen Rae Davis, Respondent.

No. C4-87-1613.

Court of Appeals of Minnesota.

Feb. 9, 1988.

Bailey W. Blethen, Blethen, Gage & Krause, Mankato, for petitioner, appellant.

Leif P. Carlson, Reitan, Kennedy & Ingman, St. Peter, for respondent.

Heard, considered and decided by FOLEY, P.J., and SCHUMACHER and STONE,* JJ.

## OPINION

SCHUMACHER, Judge.

Appellant seeks relief from an order denying his request for an evidentiary hearing and modification in custody under the two-year waiting period required by Minn. Stat. § 518.18(b).

Appellant argues that because his previous motion was denied without an evidentiary hearing, the prior motion was never decided on its merits.

## FACTS

The marriage of appellant Paul Richard Davis and respondent Kathleen Rae Davis was dissolved on December 11, 1984 after four and one-half years of marriage. One child was born of the marriage on April 9, 1981. Pursuant to a stipulation between the parties, respondent has physical custody of their child; legal custody is shared.

Both parties are alcoholics. Appellant received treatment for alcohol dependency

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

at St. Mary's Hospital in Minneapolis. He has maintained his sobriety since December 1983. Respondent has participated in several treatment programs. She received treatment along with her husband at St. Mary's Hospital in Minneapolis in 1983 and at St. Croixdale Hospital in 1985. In June of 1986, she was ticketed for misdemeanor DWI. In September, she participated in the C.H.O.I.C.E.S. program in LeCenter pursuant to the recommendation of her probation officer. In January of 1987, she was arrested for gross misdemeanor DWI. In February, she completed chemical dependency treatment in Owatonna and at Johnson Hall in St. Peter.

This is appellant's second petition for a modification of the custody decree. The first was in October 1986, when he requested an evidentiary hearing and filed a motion for modification in custody.

Appellant's first motion for modification of custody involved allegations of:

1. Physical and psychological abuse of the child by respondent.
   (Reports from respondent's neighbors of improper care and psychological abuse of the minor child by respondent were received by Nicollet County Human Services and the police.)
2. A cigarette burn on child's back which, according to the child, was inflicted by respondent.
3. A broken thumb suffered by the child with at least three inconsistent stories from respondent as to the cause of the injury.
4. The involuntary termination of respondent's employment from two jobs in less than two years which jeopardized the well-being of the child.
5. Respondent's DWI arrest, license revocation, continued use of an automobile despite loss of license, and several accidents and speeding tickets.
6. Alcohol abuse by respondent.

The trial court denied appellant's request for an evidentiary hearing without findings or memorandum. After respondent's second DWI arrest, she entered the in-patient program at Johnson Hall. The parties agreed that the minor child would reside with appellant and his wife in their home while respondent was at Johnson Hall. The child lived with appellant from late February through May of 1987.

In June of 1987, appellant again requested an evidentiary hearing, alleging:

1. Integration of the child into appellant's family after a 4½ month stay with respondent's permission.
2. Respondent's intended move to Rochester, Minnesota with the child despite the fact that she had no driver's license, no car, no job and no living quarters in that city.
3. Respondent's conviction for gross misdemeanor DWI.
4. Respondent's court-ordered in-patient, chemical dependency treatment.
5. Noticeable psychological and emotional improvement in the minor child as a result of the change in his living arrangements.

The trial court denied appellant's request citing Minn.Stat. § 518.18(b) which bars requests for modification made within two years of a prior disposition on the merits. From this decision, Paul Richard Davis appeals.

### ISSUES

1. Is an order denying a request for an evidentiary hearing in a child custody dispute a "decision on the merits" within the meaning of § 518.18(b)?

2. Did the trial court abuse its discretion in ruling that appellant had made no prima facie showing of endangerment?

### DECISION

#### I.

Minn.Stat. § 518.18 provides in part:

(b) [i]f a motion for modification has been heard, whether or not it was granted, unless agreed to in writing by the parties no subsequent motion may be filed within two years after disposition of the prior motion on its merits, except in accordance with clause (c).

(c) The time limitations prescribed in clauses (a) and (b) shall not prohibit a

motion to modify a custody order if the court finds that there is persistent and wilful denial or interference with visitation, or has reason to believe that the child's present environment may endanger the child's physical or emotional health or impair the child's emotional development.

Appellant's second motion for modification was filed just six months after his previous motion for an evidentiary hearing had been denied. Appellant argues that because he was denied an evidentiary hearing, the motion for modification was never heard and the custody claim never adjudicated on its merits.

■ However, this court has previously determined that an evidentiary hearing need not be held where affidavits submitted do not present a prima facie case for modification. *Englund v. Englund,* 352 N.W.2d 800, 802 (Minn.Ct.App.1984). The first trial court presumably found no prima facie showing of a change in circumstances, or endangerment to the child and thus did rule on the merits of the claim, when it denied appellant's request for a hearing. While the allegations in that first complaint are troubling, the appellant chose not to appeal that decision—apparently because the parties had agreed he would be given temporary physical custody of the child. His failure to appeal prevents this court from reviewing that decision.

■ Minn.Stat. § 518.18(c) provides an exception to the two-year time bar upon a showing of present endangerment to the child's physical or emotional health and development. We find appellant has met the threshold requirements of § 518.18(c) and is thus entitled to consideration of his request under the guidelines of § 518.18(d).

A party seeking modification of a custody decree must allege a change in the circumstances of either the custodial parent or the child sufficient to make modification necessary for the best interest of the child. *Nice–Peterson v. Nice–Peterson,* 310 N.W.2d 471, 472 (Minn.1981). Custody shall not be changed absent proof of one of the following:

(i) The custodian agrees to the modification;

(ii) The child has been integrated into the family of the petitioner with the consent of the custodian; or

(iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (i-iii).

Appellant's second motion alleged: integration of the child into appellant's family; respondent's intended move to Rochester, Minnesota with the child despite the fact that she had no driver's license, no car, no job and no living quarters in that city; respondent's conviction for gross misdemeanor DWI; respondent's court-ordered in-patient, chemical dependency treatment; and noticeable psychological and emotional improvement in the minor child as a result of the change in his living arrangements.

The court held the DWI conviction and in-patient treatment insufficient to show any threat to the minor child's physical, mental or emotional health. On the question of integration, the court held the extended stay in appellant's home was no more an integration into his family than an extended summer vacation with a non-custodial parent would be.

Minn.Stat. § 518.18(d) provides in part: the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the custodian * * *.

We find that the changes which have occurred and are about to occur in this child's life are sufficient to justify an evidentiary hearing on the matter under § 518.18(c) which provides an exception to the two-year time bar. Whether the underlying facts justify a modification in custody, we leave for the trial court to decide. In so doing, the court may only consider the allegations contained in the second affi-

davit, unless appellant can now make a prima facie showing with respect to the allegations contained in the first affidavit, which, if realleged, could properly be considered under § 518.18(c).

Reversed and remanded for disposition consistent with this decision.